# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

**DOCKET NO. 3:08-CV-593-FDW**

| | |
|---|---|
| THE REALTY ASSOCIATES FUND V, L.P.., ) ) ) Plaintiff ) ) vs. ) ) GEMINI COATINGS, INC., ) ) Defendants. ) ) | **ORDER** |

THIS MATTER is before the Court *sua sponte* concerning a notice of removal filed 19 December 2008.

Upon cursory review of the notice of removal, it appears to be deficient in that subject matter jurisdiction cannot be ascertained from the face of the pleadings. As stated in Wright and Miller's treatise:

> [T]here is no question that the notice [of removal] must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists.

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3733, at 354 (West 1998).

In this case, the notice of removal does not appear to account for the citizenship of the Plaintiff (and each partner comprising it). See Carden v. Arkoma Associates, 494 U.S. 185 (1990) (for diversity purposes, a partnership entity takes on citizenship of all its partners, limited as well as general).

"If federal jurisdiction is doubtful, a remand is necessary." <u>Mulcahey v. Columbia Organic Chemicals Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994).  **Defendant shall therefore have seven (7) days from the date of this Order to clarify the existence of subject matter jurisdiction.**

IT IS SO ORDERED.

Signed: December 29, 2008

Frank D. Whitney
United States District Judge